31 C.C.P.A. (Patents)

## In re HELTZEL.
### Patent Appeal No. 4873.

·Court of Customs and Patent Appeals.
April 27, 1944.

Eugene E. Stevens, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D.C., of counsel), for the Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant herein copied claims 1, 2 and 4 of a patent to William S. Godwin, No. 2,267,023, issued December 23, 1941 on an application dated November 10, 1937, Serial No. 173,785, for the purpose of an interference. Both the Primary Examiner and the Board of Appeals of the United States Patent Office held that the said claims did not read on the application and therefore rejected them. From the decision of the board this appeal was taken.

The involved claims are numbered 122, 123 and 124. Claim 122 is illustrative and reads as follows:

"122. An expansion joint assembly for sectional concrete pavements, comprising a filler strip member adapted to be located within the narrow .opening between the vertical edges of the said sections, rectangular elongated dowels extending through said filler strip at spaced intervals having their long cross-sectional dimensions perpendicular to the upper surface of the pavement, said dowels being adapted to have one end thereof imbedded in and adjacent the edge of one of the said concrete sections, elongated rectangular bars of substantially the same width as the said dowels imbedded adjacent the edge of an adjoining concrete section and extending parallel to the said dowel and positioned to provide sliding surfaces for the upper and lower horizontal faces of the opposite ends of the dowels, closure plates secured to the said bars to form rigid sockets for keeping the said dowels and bar members in alignment, the dowels being spaced from the rear end of the sockets to permit a limited movement of the dowels in and out of the socket members."

Appellant's application is a continuation-in-part of a former application and relates to alleged improvements in removable expansion and dowel rod installations. Its principal object is stated to be a provision for a removable expansion joint plate or form between abutting slabs of concrete, together with means for forming an expansion cushion and sealed joint, for use in connection with concrete roads, floors, roofs, walls and similar plastic structures. The involved claims relate more particularly to dowels. The dowels are rods embedded in abutting slabs of concrete. Each dowel has its ends embedded within the said slabs so that they are held against relative lateral or vertical shifting while at the same time expansion and contraction of the slabs is permitted. One end of the dowel is embedded in one slab and a hollow member is provided for the abutting slab, into which hollow member the dowel may move as the slabs contract or expand.

The application discloses both cylindrical and rectangular dowels, but it is to the latter construction that the issue here is presented.

Appellant's rectangular dowel structure comprises an I-beam embedded in one of the slabs and a pair of rectangular bars secured in the abutting slab and slidably positioned between the top and bottom flanges of the I-beam. In his specification appellant states that the I-beams on both sides and at the end are enclosed by a strip of thin material to prevent the entry of concrete during the pouring thereof.

The Godwin patent relates to the use of dowels for concrete pavements. The dowels are embedded in the concrete below the road surface and extend across the joints between the concrete slabs. The structure of the patent shows the dowels to be of rectangular elongated bar form embedded in one slab of concrete while the socket which is embedded in the abutting slab comprises a top and a bottom bar to which side plates have been secured, thus forming the socket in which the dowels may move.

The Primary Examiner stated it was not apparent that the flange of an I-beam could be called a bar member in the sense intended by the patentee. He also noted that the plates in the patent are "secured" to the bars to form a rigid socket, but that there is no disclosure by appellant that the thin material enclosing his I-beams is secured to form a rigid socket, the examiner stating that appellant discloses that such enclosing material or plates may be of wood, fibre or metal.

The Board of Appeals, after having described the dowel structure of the patent, pointed out that the appellant disclosed an I-beam and that his so-called closure plates were not stated in his specification to be secured to the flanges of the said beam. The board affirmed the reasoning of the examiner.

It is clear to us that the flanges of the I-beam cannot be considered as bar members as shown by and understood from the patent disclosure. Appellant contends that his strip of thin material enclosing the I-beams must of necessity be secured to the beams and be rigid, for the reason that otherwise in the pouring of concrete it would collapse. That contention may be true enough, and it may be that such securing of the thin material to the I-beam may be inherent from the nature of the structure. Nevertheless there is nothing in the application specifically disclosing a securing of said covering material to the I-beam. Even if such contention could be considered as meeting the securing of the bars by metal plates as shown by the patent, it would not be sufficient, in our opinion, to compel a reading of the claims upon appellant's structure for the reason that the thin flanges of the I-beam cannot be designated as bar members.

It might well be that the structure of appellant could be considered as an equivalent of the structure disclosed in the patent, but we think that the doctrine of equivalency is irrelevant here. In re Key, 76 F.2d 398, 22 C.C.P.A., Patents, 1098, 25 U.S.P.Q. 100, and cases there cited.

The decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, Presiding Judge, did not participate in the consideration or decision of this case.